UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEVIN DENNARD HUBERT,

        Petitioner,

v.                                             Civil Action No. 2:19-cv-68

MARK J. BOLSTER,
Acting Warden,

        Respondent.

## REPORT AND RECOMMENDATION

Petitioner Kevin Dennard Hubert was convicted of three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d), and two counts of using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). After unsuccessfully seeking relief on collateral review under 28 U.S.C. § 2255, Hubert has now filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), arguing that his two § 924(c) convictions are unconstitutional. Relying on the "savings clause" in § 2255(e) and the Fourth Circuit's decision in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc), Hubert asks the court to vacate his § 924(c) convictions and to resentence him accordingly. Pet. 9 (ECF No. 1, at 8).

Respondent Mark J. Bolster, Acting Warden of FCI Petersburg Medium, ("Respondent") filed a brief opposing Hubert's Petition, (ECF No. 7). Respondent argues that Hubert's claims are not cognizable under § 2241 and that this court therefore lacks jurisdiction to review them. As explained below, the undersigned recommends that the court dismiss the Petition.

### I. Statement of the Case

Pursuant to a plea agreement, Hubert pled guilty to three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d), and two counts of using a firearm in furtherance of a crime of

violence, in violation of 18 U.S.C. § 924(c), on May 26, 2000. The district court for the Western District of Kentucky entered final judgment on September 17, 2001, and sentenced Hubert to 440 months' imprisonment. Hubert did not challenge his conviction or sentence on direct appeal. On January 10, 2006, Hubert filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the Kentucky district court denied the following August.

On January 30, 2019, Hubert filed in this court the present 28 U.S.C. § 2241 Petition pursuant to the savings clause of 28 U.S.C. § 2255(e). Hubert cites the Fourth Circuit's decision in Simms, 914 F.3d 229, for the proposition that his 18 U.S.C. § 924(c) convictions are unconstitutional because § 924(c) is void for vagueness.

On July 25, 2019, Respondent filed an opposition brief, (ECF No. 7), arguing that Hubert cannot satisfy the 28 U.S.C. § 2255(e) savings clause test set out in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). Resp't's Br. in Opp. to Pet. ("Resp't's Opp. Br.") 4-7 (ECF No. 7). Specifically, Respondent claims that Simms' does not apply to Hubert's 18 U.S.C. § 924(c) convictions. The court advised Hubert that he could file a reply to Respondent's opposition brief, (ECF No. 8), but Hubert declined to do so. The matter is now ripe for decision.

## II. Legal Standard

Title 28, section 2255 of the United States Code provides the intended vehicle by which federal prisoners may seek to challenge their convictions or sentences by collateral attack. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). Only when § 2255 is "inadequate or ineffective to test the legality of . . . detention" may a federal prisoner pursue relief under § 2241. Id.; § 2255(e). But § 2255 is not rendered "inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d at 333.

2

In re Jones recognized a narrow set of circumstances in which § 2255 would be inadequate to test the legality of a prisoner's detention. It established a three-part test for prisoners seeking habeas relief under § 2241. That provision is available if:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.

In March of 2018, the Fourth Circuit decided Wheeler, reaffirming In re Jones but fashioning a new four-part test for prisoners seeking to invoke the § 2255 savings clause to challenge their sentences under § 2241. See 886 F.3d at 429. Under this test, § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id.

The savings clause of § 2255 is a jurisdictional provision. Id. at 423. Accordingly, the court may not consider the merits of Hubert's claims but must instead dismiss his Petition unless he is able to satisfy the appropriate test. Id.

### III. Recommended Conclusions of Law

Although Jones remains good law, its three-part test is quite narrow. See Wheeler, 886 F.3d at 427. It applies only when a change in substantive (but non-constitutional) law renders a prisoner's prior conduct no longer criminal. See Jones, 226 F.3d at 333-34. Wheeler expands the

3

scope of § 2255 savings clause relief to include certain "erroneously imposed sentence[s]." 886 F.3d at 427. But it imposes its own parallel limits to ensure claims of sentencing error are funneled first to the sentencing court, which is best suited to address them. See id. at 429 (emphasizing that "prisoners may only resort to the savings clause where the other avenues for remedy in § 2255 are ineffective"). Accordingly, In re Jones and Wheeler are separate tests that apply to different circumstances.

In his Petition, Hubert relies on both In re Jones and Wheeler. Pet. 6 (ECF No. 1, at 5). Respondent, however, primarily discusses the Wheeler test. Resp't's Opp. Br. 4-6. Regardless of which test applies, the court lacks jurisdiction over the Petition. Specifically, Hubert's Petition fails both In re Jones' second step, which asks whether "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal," 226 F.3d at 334, and Wheeler's second step, which asks whether "subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review," 886 F.3d at 429.

Hubert premises his Petition on Simms, claiming that that holding rendered 18 U.S.C. § 924(c) void. However, Hubert overstates Simms' effect on § 924(c). As relevant here, that section imposes additional criminal penalties on persons who use a firearm in the commission of a crime of violence. 18 U.S.C. § 924(c)(1)(A). A "crime of violence," according to § 924(c)(3), is an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

4

§ 924(c)(3)(A)-(B). The former provision is commonly referred to as the "force clause," while the latter provision is commonly referred to as the "residual clause." Simms, 914 F.3d at 233. In Simms, the Fourth Circuit held that the residual clause was unconstitutionally vague. Id. at 237. After Hubert filed this Petition, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019), likewise concluding that the residual clause was void for vagueness, id. at 2336.

Contrary to Hubert's claims, however, neither Davis nor Simms rendered void the entirety of § 924(c). Indeed, although those two cases invalidated § 924(c)(3)'s residual clause, both Davis and Simms left untouched § 924(c)(3)'s force clause. See Davis, 139 S. Ct. at 2325 (noting that its holding resolved a "dispute among lower courts about the constitutionality of § 924(c)'s residual clause" (emphasis added)); Simms, 914 F.3d at 252 ("[T]here is no colorable argument that . . . § 924(c)(3)(A) suffers from any [unconstitutional] indeterminacy."). Thus, Hubert's § 924(c) convictions are unaffected by Simms if his underlying offense of conviction – the 18 U.S.C. § 2113(d) armed bank robbery convictions – satisfy the crime-of-violence definition set out in § 924(c)(3)(A). And in accordance with binding Fourth Circuit precedent, those convictions do indeed fall within that definition. In United States v. McNeal, the Fourth Circuit explicitly held that "armed bank robbery [under § 2113(d)] is . . . a crime of violence under the force clause." 818 F.3d 141, 157 (4th Cir. 2016).

Hubert has not shown that Davis or Simms changed the substantive law "such that the conduct of which [he] was convicted is deemed not to be criminal," In re Jones, 226 F.3d at 334. Nor has he shown that either case made a change in substantive law affecting his sentence that "was deemed to apply retroactively on collateral review," Wheeler, 886 F.3d at 429. Accordingly, regardless of which test the court applies, the result is the same: the court lacks jurisdiction over Hubert's Petition.

5

## Conclusion and Recommendation

For the foregoing reasons, the undersigned concludes that the court lacks jurisdiction to entertain Hubert's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Accordingly, the undersigned recommends that the court DISMISS Hubert's Petition, (ECF No. 1), without prejudice for lack of jurisdiction.

## Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 16, 2019

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

Kevin Dennard Hubert
No. 05461-033
FCI Petersburg
P.O. Box 1000
Petersburg, Virginia 23804

and an electronic copy was provided to:

William D. Muhr
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

_____December 17_____, 2019